**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL SESSION, 1997**

**FILED**

August 15, 1997

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9605-CC-00216** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **RUTHERFORD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES K. CLAYTON, JR.** |
| **LORENE E. WEAKLEY,** and | ) | **JUDGE** |
| **ROBERT APOLLO** | ) | |
| **CANTRELL** | ) | |
| | ) | |
| Appellants. | ) | (Felony Drugs) |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF RUTHERFORD COUNTY**

FOR THE APPELLANT:

GERALD L. MELTON
District Public Defender

RUSSELL N. PERKINS
Assistant Public Defender
201 West Main Street
Murfreesboro, TN 37130

JOHN G. MITCHELLL, JR.
Third Floor, NationsBank Bldg.
120 E. Main Street
Murfreesboro, TN 37133-1336

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

WILLIAM WHITESELL
District Attorney General
Third Floor, Judicial Building
Murfreesboro, TN 37130

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure. The Defendants, Lorene Evette Weakley and Robert Apollo Cantrell, were convicted by a Rutherford County jury of possession of over 26 grams of cocaine with intent to sell or deliver and simple possession of marijuana.[1] Defendant Cantrell was convicted of possession of drug paraphernalia, which was dismissed after a motion for new trial. Both Defendant Weakley and Defendant Cantrell were sentenced to eight years in the Department of Correction and each was fined two thousand dollars ($2,000) for the cocaine convictions. They were each sentenced to concurrent terms of 11 months and 29 days with two hundred fifty dollar ($250) fines for the marijuana convictions. In this appeal, Defendant Cantrell presents one issue, that the evidence was insufficient to support a verdict of guilt. Defendant Weakley argues one issue, that because she was convicted based on criminal responsibility for the conduct of another, she is entitled by statute to be considered for probation. We affirm the judgment of the trial court.

Members of the Rutherford County Sheriff's Department received information from a confidential informant that illegal drug sales were being conducted at unit E-15 at the Colony Square Apartments in Smyrna, Tennessee. Officers surveilled the apartment and observed a number of persons at different times go into the apartment and then leave within a few minutes. A search warrant was issued for the apartment, which was executed on October 25, 1994.

---

[1] Tenn. Code Ann. §§ 39-17-417(i); 39-17-418(a).

The officers knocked on the door, announced their presence, and used a battering ram to open the door. Once inside, the officers ordered the occupants to lie on the floor. The officers observed the Defendant, Apollo Cantrell, and Marqulitia Odom in the living room. They did not appear to comply with the order and thus were administered pepper spray. Tony Woods and Shalonda Odom were also in the living room and the Defendant, Lorene Weakley, was near the kitchen. Several young children were present in a bedroom.

The officers discovered in plain view a plastic bag containing 9.3 grams of crack cocaine, as well as a vial on an end table that contained 18.5 grams of crack cocaine. A small amount of marijuana was found on top of the television set. A search of the apartment yielded one loaded .38 pistol from a shelf in a bedroom closet and baking soda found in the kitchen. Cash in the amount of six hundred sixty dollars ($660) was seized from Defendant Cantrell and five hundred eleven dollars ($511) from Tony Woods. Defendant Cantrell later stated that he was unemployed. Defendant Weakley rented the apartment and Defendant Cantrell claimed the apartment as his home address. Cantrell's clothes were seen in the apartment. None of the occupants appeared overtly under the influence of any substance and none claimed ownership of the drugs. All of the adults were charged with possession with intent to sell.

Marqulitia and Shalonda Odom testified at the trial for the State, at which time their charges were dismissed. Both testified that frequent visitors would come to the apartment where they would meet with Defendant Cantrell or Tony Woods in a back bedroom. After a few minutes, the visitors would leave. They both testified that they never observed a sale of cocaine.

As his sole issue on this appeal, the Defendant Apollo Cantrell asserts that the evidence was insufficient to support a verdict of guilt for possession of cocaine with intent to sell or deliver. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The Defendant emphasizes that the testimony of the Odoms only suggests that drug sales took place and that they did not witness any actual selling of cocaine. Although the evidence in this case is primarily circumstantial, the jury

could have found the elements of the offense beyond a reasonable doubt. To convict the Defendant, the State was required to prove the elements of (1) knowingly (2) possessing cocaine (3) with intent to sell. Tenn. Code Ann. § 39-17-417(a)(4). Possession of a controlled substance can be based on either actual or constructive possession. State v. Brown, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995); State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). Constructive possession may be proved by demonstrating that a defendant has the power and intention to exercise dominion and control over the controlled substance either directly or through others. Brown, 915 S.W.2d at 7; Brown, 823 S.W.2d at 579. Constructive possession is the ability to reduce an object to actual possession. Brown, 915 S.W.2d at 7; Brown, 823 S.W.2d at 579.

Here, Defendant Cantrell was observed making brief contacts with a number of visitors in a back bedroom. Cocaine was found in plain view in the living room of the apartment he claimed as his home address. He was seen taking a bath there and changing his clothes. The Defendant's personal items were observed in the apartment. These factors are adequate to show that the Defendant was in control of the property such that even if the drugs were not found on his person, he exercised a knowing possession of the drugs. Cf. State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996). Furthermore, his frequent contacts and possession of six hundred sixty dollars ($660) when he was unemployed are sufficient to show an intent to sell. This issue is without merit.

Defendant Weakley raises one issue in this appeal, that the trial court erred in determining that she was not eligible for probation. The Defendant was

convicted of possession with intent to sell or deliver over 26 grams of cocaine. Tenn. Code Ann. § 39-17-417(i). She was sentenced to eight years incarceration and the trial court denied probation. A defendant is eligible for probation "if the sentence actually imposed . . . is eight (8) years or less; provided, that a defendant shall not be eligible for probation under the provisions of this chapter if he is convicted of a violation of § 39-17-417(b) or (i)." Tenn. Code Ann. § 40-35-303 (a). The trial judge thus ruled that the Defendant was not eligible for probation.

The Defendant claims that, because she was convicted pursuant to the provisions of criminal responsibility for the conduct of another under Tennessee Code Annotated section 39-11-402(2), she should be eligible for probation and she cites State v. Tony Click, C.C.A. No. 162, Sevier County (Tenn. Crim. App., Knoxville, Sept. 26, 1991). One is criminally responsible as a party to an offense "if the offense is committed by the person's own conduct, by the conduct of another for which the person is criminally responsible, or by both." Tenn. Code Ann. § 39-11-401. A defendant may be convicted for the conduct of the other based on three theories, of which the relevant section reads:

> (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense;

Tenn. Code Ann. § 39-11-402; see also State v. Stephenson 878 S.W.2d 530, 557, (Tenn. 1994); State v. Williams, 920 S.W.2d 247, 257-58 (Tenn. Crim. App. 1995); State v. Gennoe, 851 S.W.2d 833, 836 (Tenn. Crim. App. 1992); State v. Brown, 756 S.W.2d 700, 703 (Tenn. Crim. App. 1988).

We note that criminal responsibility for the conduct of another is not a statutory offense, but rather a legal theory of criminal liability by which a defendant may be convicted for an offense when there are multiple actors involved. See Tenn. Code Ann. § 39-11-402; State v. James R. Lemacks, C.C.A. No. 01C01-9605-CC-00227, Humphreys County (Tenn. Crim. App., June 26, 1997). The jury in the case sub judice was instructed on criminal responsibility in conformance with the Tennessee Pattern Jury Instructions, although the trial judge noted that it was a lesser included offense. It was erroneous to refer to criminal responsibility as a lesser included offense because it is not an offense, but a legal theory of criminal liability. The jury announced its verdict as finding the Defendant guilty of criminal responsibility for the conduct of another pursuant to section 39-11-402. However, the trial court properly entered judgment for possession with intent to sell or deliver under 39-17-417(i). When a defendant is convicted under criminal responsibility for the conduct of another, she is guilty as a party to the offense and is convicted for the substantive offense as if she were the principal. See State v. Gail Haneline Barnes, C.C.A. No. 01C01-9508-CC-00274, Montgomery County (Tenn. Crim. App., Nashville, Feb. 28, 1997). Therefore, the trial court did not err in determining that the Defendant was not eligible for probation.

Accordingly, we affirm the judgments of the trial court.


_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE